IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARRY FOREMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-819-R |
| AARON MOORE, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. United States District Judge David L. Russell referred this matter to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, it is recommended that this action be summarily **DISMISSED.**

### I. BACKGROUND

At the time Plaintiff filed this action, he was confined in the Garfield County Detention Facility. He named two Defendants: Aaron Moore, Garfield County Sheriff's Deputy, and the Garfield County Detention Center's Booking department or officer. (ECF No. 1:1-2).

In his Complaint, Plaintiff explains that on May 17, 2015, he was arrested for a domestic altercation with his wife. (ECF No. 1:2). He also states that he has proof in the form of phone records that the charges against him are false, that Defendant Moore is derelict in his duties and is falsifying information. (ECF No. 1:2). In Count I, he asserts an Eighth Amendment claim based on his allegation that he was held without a bond for one criminal charge and on a $50,000.00 bond on another charge. (ECF No. 1:3). He also states that he was not served papers for the charges against him until he appeared for his first bond hearing, at which time he was "given a $25,000 Bail on two misdemeanors." (ECF No. 1:3). In Count II, Plaintiff asserts Sixth and Eighth Amendment claims, alleging that he is being denied a speedy trial, has proof of innocence and that his lawyer did not appear at his bond hearing. (ECF No. 1:3). He also states that he has written his attorney, the District Attorney's office and the District Judge assigned to his criminal case "showing them evidence" on his own behalf. (ECF No. 1:3). Finally, in Count III, Plaintiff repeats his allegations that he is being denied a speedy trial and indicates that he has filed a "Motion of Discovery, a Motion of Evidence, a Motion of Dismisall (sic) a Motion to Compel [and a] Pre trial Report" but argues that all such motions are "not being taken seriously." (ECF No. 1:4).

The publicly available docket sheet for the criminal case shows that Plaintiff was indeed charged with two felonies: assault and battery – domestic resulting in great bodily harm and possession or selling of paraphernalia while not using a motor vehicle. ODCR, CF-2015-299, District Court of Garfield County. On August 7, 2015, after Plaintiff

had already filed the present case, he pled guilty to these charges and was sentenced to 15 years imprisonment, with all but the first five years suspended. *Id.* Subsequent to his guilty plea and sentencing, a hearing was set for August 17, 2015 on a Motion to Withdraw Plea, however, that Motion was denied. *Id.* On August 24, 2015, Plaintiff filed an appeal with the Oklahoma Court of Criminal Appeals based on the trial court's denial of his Motion to Withdraw Plea. ODCR, C-2015-737, Oklahoma Court of Criminal Appeals.

## II. SCREENING

The Court is required to evaluate the sufficiency of any complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis.* *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). Specifically, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(l); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The standard of review for such screening is the same as that applied when considering a motion to dismiss for failure to state a claim. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

## III. DISCUSSION

Although Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, it is clear that he is attempting to use a § 1983 action to bring a collateral attack on his criminal

3

charges and subsequent conviction. As such, *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny require dismissal of Plaintiff's claims. In *Heck*, the Supreme Court reiterated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* at 481. As the Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87. The Court extended *Heck* to claims for declaratory relief in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff's claims necessarily imply the invalidity of his convictions and confinement. Accordingly, his claims are not cognizable in this § 1983 action. Thus, it is recommended that the claims be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice. …. If [the plaintiff] is later successful in overturning his conviction, he should be allowed to bring his § 1983 action at that time.").

Further, although this Court could liberally construe Plaintiff's action as a habeas corpus action, it is not recommended that the present action be recharacterized as such. Before a federal court may grant habeas relief to a state prisoner-petitioner, the prisoner must either exhaust his or her remedies in state court or demonstrate the (1) absence of available state corrective process, or (2) the existence of circumstances rendering the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by

direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). As noted above, public records indicate that Plaintiff's appeal of the trial court's denial of his Motion to Withdraw Plea is currently pending before the Oklahoma Court of Criminal Appeals. *See* ODCR, Case No. C-2015-737, Oklahoma Court of Criminal Appeals. Consequently, it is clear that any potential habeas corpus claims are unexhausted. Accordingly, the undersigned recommends that rather than construing Plaintiff's Complaint as a habeas action, the Court should dismiss it without prejudice.[1]

### IV. RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §1915. Further, it is recommended that the Court **DENY** Plaintiff's Motion to Submit Exhibits for Evidence **(ECF No. 6)** and Motion to Amend **(ECF No. 9)** as moot.

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 5, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to

---

[1] Plaintiff identifies the Garfield County Sheriff's Office in the caption of his Complaint but makes no further mention of it within the body of the same. (ECF No. 1:1). Accordingly, to the extent Plaintiff intended to name the Garfield County Sheriff's Office as a party in this matter, the Sheriff's Office should be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim upon which relief can be granted.

appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on September 16, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE